**KOLLER LAW LLC**
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)  *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESTINY NELSON, : | |
| 1225 E Cardeza Street : | Civil Action No. |
| Philadelphia, PA 19119 : | |
|     Plaintiff, : | |
|           v. : | **COMPLAINT AND** |
| : | **JURY DEMAND** |
| **CITY OF PHILADELPHIA,** : | |
| 1515 Arch Street : | |
| Philadelphia, PA 19102 : | |
| : | |
| 7901 State Road : | |
| Philadelphia, PA 19136 : | |
| : | |
|     Defendant. : | |

### CIVIL ACTION

Plaintiff, Destiny Nelson (hereinafter "Plaintiff"), by and through her attorney, brings this civil matter against Defendant, City of Philadelphia, Philadelphia Department of Corrections (hereinafter, "Defendant"), alleging she was subject to unlawful violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO") and avers and alleges as follows:

1

## THE PARTIES

1. Plaintiff is an adult individual domiciled in the above captioned address.

2. Defendant is the City of Philadelphia with a headquarters located at 1515 Arch Street, Philadelphia, PA 19102.

3. At all relevant times hereto, Defendant employed the requisite number of employees under the applicable statutes and was a covered entity.

4. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decision, these individuals engaged in the practice of treatment which forms the basis of Plaintiff allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting these individuals engaged in the pattern and practice of treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and

seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in the judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII and the ADA.

13. Plaintiff's administrative remedies for her claims under the PHRA and PFPO will exhaust one year after Plaintiff's Claims were filed with the EEOC.

14. Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"), signed January 9, 2024, and filed on or about January 9, 2024, alleging sexual harassment, disability discrimination and retaliation against Defendant.

15. The Charge was assigned a Charge Number of 530-2024-02469 and Plaintiff requested the charge be dual filed with the Pennsylvania Human Relations Commission ("PHRC").

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") by request and that Notice is dated June 13, 2024.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Notice of Right to Sue letter relative to the Charge.

18. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

19. Plaintiff has exhausted her administrative remedies as to the Title VII and ADA allegations of this Complaint.

20. Plaintiff's administrative remedies under the PHRA and the PFPO will be exhausted on or about January 9, 2025, but files now due to the time limitations associated with her Title VII and ADA claims.

## MATERIAL FACTS

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. On or about October 21, 2022, Defendant hired Plaintiff in the position of Correctional Officer at its Department of Corrections.

23. Defendant's Department of Corrections has a location at 7901 State Road, Philadelphia, PA 19136.

24. Plaintiff was well qualified for her position and performed well.

25. In or around April 2023, Correctional Officer Clay (male) (first name unknown) sexually harassed Plaintiff.

26. Officer Clay constantly asked Plaintiff for her phone number.

27. He told Plaintiff that he wanted to "link up with her outside of work" and "wanted her to come to his house", or words to that effect.

28. Plaintiff refused Officer Clay's sexual advances and told Officer Clay that he was making her uncomfortable.

29. The next week, Officer Clay and Officer Lattamore (first name unknown) falsely accused and spread rumors to staff and inmates that Plaintiff was bringing contraband in for inmates.

30. Because Officer Clay was in a high-ranked position at Defendant, employees at work believes his false accusations.

31. Plaintiff felt humiliated and disrespected by Officer Clay.

32. Officer Clay retaliated against Plaintiff for refusing his sexual advances.

33. Also, on or about February 28, 2023, an inmate was smoking an unknown substance and then blew the smoke directly towards Plaintiff's face.

34. As a result, Plaintiff became ill and suffered from a panic attack, anxiety, paranoia, and nausea.

35. These conditions are considered disabilities under the ADA, the PHRA, and the PFPO as they interfere with her major life activities including, *inter alia* working.

36. Plaintiff requested reasonable accommodation to go to the hospital.

37. However, Lieutenant Hill (female) and Sergeant Dunlat (male) did not want to send her to the hospital and told Plaintiff to go back to her assigned post.

38. Plaintiff's symptoms were severe and she went to the hospital.

39. Afterward, on the same day, Plaintiff complained to Defendant stating that it did not handle the situation properly.

40. Defendant did not address Plaintiff's complaints.

41. Defendant discriminated against and retaliated against Plaintiff in violation of the ADA, the PHRA, and the PFPO.

42. In or around May 2023, Plaintiff reported Officer Clay's sexually discriminatory and retaliatory conduct to Warden Angelucci (male) (first name unknown).

43. Plaintiff also complained again about Defendant improperly handling the situation where the inmate blew smoke towards Plaintiff's face.

44. However, Warden Angelucci did not take Plaintiff's complaints seriously and refused to allow Plaintiff to explain her situation.

45. On or about June 8, 2023, Sergeant Cook (male) (first name unknown) informed Plaintiff that Defendant suspended Plaintiff for 20-days.

46. Plaintiff received no write-ups prior or notice about this suspension.

47. Plaintiff asked Sergeant Cook what the reason was for her suspension.

48. Sergeant Cook alleged that he did not know the reason and instructed Plaintiff to contact Warden Angelucci.

49. Plaintiff followed Sergeant Cook's instructions and called Warden Angelucci regarding her suspension.

50. Warden Angelucci informed Plaintiff that he did not know why she was suspended and that the orders came from Internal Affairs.

51. Upon information and belief, it is policy that a suspension requires a supporting write-up to explain why an employee is suspended.

52. Here, Plaintiff had no write up to explain her suspension and believed that this was a continuation of Defendant's discriminatory efforts against Plaintiff.

53. Shortly after, Plaintiff contacted Michael Tate, Union Representative.

54. Tate told Plaintiff that he would help, but only if she "cooked him dinner", or words to that effect.

55. Plaintiff declined Tate's sexual advances.

56. Plaintiff also contacted David Robinson and Eric Hill, Union Representatives.

57. Robinson and Hill told Plaintiff that they did not know why she was suspended and there was no write-up associated to the suspension or words to that effect.

58. Plaintiff complained again to Tate that she received no prior write-ups or notice about the suspension.

59. Tate told Plaintiff that her complaints did not matter because Defendant had already made the determination that she was suspended or words to tahte ffect.

60. On or around June 16, 2023, Plaintiff attended a preliminary hearing regarding her suspension with Tate and Warden Angelucci in attendance.

61. At the hearing, Plaintiff requested her write-up again.

62. Defendant provided Plaintiff a write-up that stated she was suspended for allegedly brining in a cell phone ("contraband") for two (2) inmates on or around June 6, 2023.

63. This write-up contained information that was false.

64. Defendant also claimed there was a 17-minute video that showed her conduct.

65. However, the alleged video that Defendant showed to Plaintiff at the hearing was only about seven (7) minutes long and did not show her engaging in bringing in a cell phone to inmates.

66. During the hearing, Defendant extended her suspension for another 10 days.

67. Upon information and belief, the false write-up, accusations, and suspension were part of Defendant's and Officer Clay's continued attempt to smear Plaintiff's reputation because she opposed the discriminatory conduct and retaliation against her.

68. On or about July 13, 2023, Defendant terminated Plaintiff.

69. Defendant's alleged reason for terminating Plaintiff was pretextual.

70. By way of further background, if an inmate is caught with contraband, the inmate is required to serve 30 to 90 days in the hold room with an associated write-up and hearing.

71. Upon information and belief, the two (2) inmates (males) only served around 15 to 20 days in the hold rooms.

72. Soon after Defendant terminated Plaintiff, the two (2) inmates were removed from the hold rooms and transferred back to their normal rooms.

73. The two (2) inmates had no write-ups and no hearing regarding the alleged contraband.

74. Defendant punished Plaintiff for an alleged misconduct and did not punish the inmates associated with the alleged misconduct.

75. The actual reason was that Defendant discriminated against and/or retaliated against Plaintiff in violation of Title VII, the ADA the PHRA, and the PFPO.

76. Defendant's actions and/or omissions were willful or with reckless disregard to Plaintiff's statutory rights.

## COUNT I – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

77. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

78. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of her membership in a protected class – female.

    b. Such discrimination was severe or pervasive.

    c. Such discrimination detrimentally affected Plaintiff.

    d. Such discrimination would have detrimentally affected a reasonable woman in Plaintiff's position.

79. The unlawful employment practices outlined above were intentional.

80. Plaintiff suffered tangible employment actions as alleged herein.

81. Defendant knew or reasonably should have known of the sexual harassment.

82. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

83. Defendant's acts and/or omissions were willful or performed with reckless disregard to her federal statutory rights.

84. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT II – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### PENNSYLVANIA HUMAN RELATIONS ACT

85. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

86. The foregoing conduct created a sexually hostile work environment for Plaintiff.

87. Plaintiff suffered intentional discrimination because of her sex.

88. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

89. The discrimination detrimentally affected Plaintiff.

90. Plaintiff suffered tangible employment actions as alleged herein.

91. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

92. Defendant knew or reasonably should have known of the sexual harassment.

93. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing

behavior.

94. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT III – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### PHILADELPHIA FAIR PRACTICES ORDINANCE

95. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

96. The foregoing conduct created a sexually hostile work environment for Plaintiff.

97. Plaintiff suffered intentional discrimination because of her sex.

98. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

99. The discrimination detrimentally affected Plaintiff.

100. Plaintiff suffered tangible employment actions as alleged herein.

101. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

102. Defendant knew or reasonably should have known of the sexual harassment.

103. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

104. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – DISABILITY DISCRIMINATION
## <u>AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED</u>

105. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

106. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

107. Plaintiff was qualified to perform the job.

108. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

109. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

110. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

111. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

112. The purported reason for Defendant's decision is pretextual.

113. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

114. Defendant's acts and/or omissions were willful or performed with reckless disregard to her federal statutory rights.

115. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra*.

### COUNT V – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

116. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

117. Plaintiff is a "qualified individual with a disability" as that term is define under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

118. Plaintiff was qualified to perform the job.

119. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

120. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

121. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

122. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

123. The purported reason for Defendant's decision is pretextual.

124. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

125. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra*.

### COUNT VI – DISABILITY DISCRIMINATION
### <u>PHILADELPHIA FAIR PRACTICES ORDINANCE</u>

126. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

127. Plaintiff is a "qualified individual with a disability" as that term is define under the PFPO because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

128. Plaintiff was qualified to perform the job.

129. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

130. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

131. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

132. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

133. The purported reason for Defendant's decision is pretextual.

134. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

135. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra*.

### COUNT VII – RETALIATION
### <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

136. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

137. Plaintiff engaged in protected activity, *inter alia*, making internal complaints regarding sexual harassment and Defendant's refusal to properly address the sexual harassment.

138. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

139. There exists a causal connection between Plaintiff's complaints of sexual harassment and Defendant's refusal to properly address the sexual harassment and the adverse employment action.

140. Defendant terminated Plaintiff's employment as a result of her complaints.

141. Defendant's acts and/or omissions were willful or with reckless disregard for her federal statutory rights.

142. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VIII – RETALIATION
### <u>AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED</u>

143. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

144. Plaintiff engaged in protected activity including, *inter alia* making internal complaints regarding disability discrimination and Defendant's refusal to properly address the disability

discrimination.

145. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

146. There exists a causal connection between Plaintiff's complaints of disability discrimination and Defendant's refusal to properly address the disability discrimination and the adverse employment action.

147. Defendant terminated Plaintiff's employment as a result of her complaints.

148. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IX – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

149. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

150. Plaintiff engaged in protected activity, *inter alia*, making internal complaints regarding sexual harassment and disability discrimination and Defendant's refusal to properly address the sexual harassment and disability discrimination.

151. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

152. There exists a causal connection between Plaintiff's complaints of sexual harassment and disability discrimination and Defendant's refusal to properly address the sexual harassment and disability discrimination and the adverse employment action.

153. Defendant terminated Plaintiff's employment as a result of her complaints.

154. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT X – RETALIATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

155. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

156. Plaintiff engaged in protected activity, *inter alia*, making internal complaints regarding sexual harassment and disability discrimination and Defendant's refusal to properly address the sexual harassment and disability discrimination.

157. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

158. There exists a causal connection between Plaintiff's complaints of sexual harassment and disability discrimination and Defendant's refusal to properly address the sexual harassment and disability discrimination and the adverse employment action.

159. Defendant terminated Plaintiff's employment as a result of her complaints.

160. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Destiny Nelson, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant unlawful discrimination/retaliation;

(b) Compensatory damages;

(c) Punitive damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADA, the PHRA, and the PFPO.

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
|  | **KOLLER LAW LLC** |
| Date: September 11, 2024 |  |
|  | By:    */s/ David M. Koller* |
|  | David M. Koller, Esquire |
|  | Jordan D. Santo, Esquire |
|  | 2043 Locust Street, Suite 1B |
|  | Philadelphia, PA 19103 |
|  | T: (215)-545-8917 |
|  | F: (215)-575-0826 |
|  | davidk@kollerlawfirm.com |
|  | jordans@kollerlawfirm.com |
|  |  |
|  | *Counsel for Plaintiff* |